**BROWER PIVEN**
A PROFESSIONAL CORPORATION
1925 OLD VALLEY ROAD
STEVENSON, MARYLAND 21153

CHARLES J. PIVEN
piven@browerpiven.com

Telephone (410) 332-0030
Facsimile (410) 685-1300

July 16, 2012

**Via ECF and Federal Express**

The Honorable Marvin J. Garbis
United States District Judge
Garmatz United States Courthouse
101 West Lombard Street
Chambers 5-C
Baltimore, Maryland 21201

    Re:   *In Re: Municipal Mortgage & Equity, LLC, Securities and Derivative Litigation*, MJG-08-1961-MDL (D. Md.)

Dear Judge Garbis:

We are Co-Lead Counsel for Plaintiffs in the above-referenced action. In anticipation of the telephonic status conference set for Tuesday, July 17, 2012 at 2:30 p.m., Plaintiffs write to address two issues. First, Plaintiffs wish to file a motion requesting that the Court direct entry of judgment pursuant to Fed. R. Civ. P. 54(b) for Counts One and Two of Plaintiffs' Consolidated and Amended Class Action Complaint ("Plaintiffs' Complaint") (the "Exchange Act claims") and for Counts Six and Eight (the "Section 11 and 15 SPO Securities Act claims"). Second, Plaintiffs wish to file a motion seeking expedited discovery from the underwriters and possible third-party sources (*e.g.*, Municipal Mortgage & Equity, Inc.'s ("Municipal Mortgage") transfer agent) of the identities and addresses of persons who purchased securities of Municipal Mortgage in its Secondary Public Offering ("SPO").

As the Court is aware, on June 26, 2012, a Memorandum and Order was entered granting in part and denying in part Defendants' motion to dismiss Plaintiffs' Complaint. *See* Dkt. No. 123 ("Order"). Specifically, the Court dismissed Plaintiffs' Exchange Act claims (Counts One and Two) and also dismissed, in part, Plaintiffs' Securities Act of 1933 ("Securities Act") claims (Counts Six through Eight). *See* Order at 100.

With respect to the anticipated Rule 54(b) motion pertaining to the Exchange Act claims, Plaintiffs will argue that the Court's judgment is final and that there is "no just reason for delay" in directing entry of a final judgment as to Plaintiffs' Exchange Act claims, so that they may be immediately reviewed by the U.S. Court of Appeals for the Fourth Circuit. *See Braswell Shipyards, Inc. v. Beazer East, Inc.*, 2 F.3d 1331, 1334-35 (4th Cir. 1993).

**BROWER PIVEN**
A PROFESSIONAL CORPORATION

The Honorable Marvin J. Garbis
July 16, 2012
Page 2

With respect to the anticipated Rule 54(b) motion pertaining to the Sections 11 and 15 SPO Securities Act claims, Plaintiffs will argue that dismissal of Counts Six and Eight (to the extent it is derivative of Count Six), too, are final, and that there is "no just reason for delay" in directing entry of a final judgment as to Plaintiffs' Section 11 and 15 SPO Securities Act claims so that they, too, may be immediately reviewed by the U.S. Court of Appeals for the Fourth Circuit.

The Court has found the Securities Act claims to have merit in the context of the DRP claim, having sustained Counts Three, Four and Five of Plaintiffs' Complaint. Regarding Count Seven, the Section 12(a)(2) Securities Act claim, and the derivative Count Eight Section 15 Securities Act claim, the Court ruled that "Plaintiffs' Section 12(a) (2) Securities Act claims based on the SPO (Count Seven) are subject to dismissal for lack of standing," because "the Complaint does not adequately plead that [Plaintiff] Dammeyer purchased his shares directly in the SPO." Order at 93. To address this issue, Plaintiffs wish to seek limited expedited discovery at this time to obtain the identity and addresses of those who purchased securities of Municipal Mortgage in the SPO.

Indeed, numerous federal courts have allowed the disclosure of contact information of putative class members. *See Murphy v. Target Corp.*, No. 09-1436, 2011 U.S. Dist. LEXIS 62458, at *2-3, *6-7 (S.D. Cal. June 14, 2011). Additionally, courts have routinely required financial institutions to disclose this very information in order to comply with subpoenas and discovery requests. *See, e.g., Cash Today of Texas, Inc. v. Greenberg*, No. 02-MC-77, 2002 U.S. Dist. LEXIS 20694, at *12-13 (D. Del. Oct. 23, 2002); *Davis v. Chase Bank U.S.A., N.A.*, No. 06-04804, 2010 U.S. Dist. LEXIS 37464, at *7-9 (C.D. Cal. Apr. 14, 2010). Plaintiffs' right to communicate with putative class members is well settled under federal law. In fact, the U.S. Supreme Court has established that there is "a rule of deference to class counsel in Rule 23 class actions to permit communications with potential class members for the purpose of notification and gathering information, even prior to class certification." *Tomassi v. City of Los Angeles*, No. 08-1851, 2008 U.S. Dist. LEXIS 111676, at *8 (C.D. Cal. Oct. 24, 2008) (citing *Gulf Oil Co. v. Bernard*, 452 U.S. 89, 101-02 (1981)).

In the event that the Court permits this requested discovery, Plaintiffs would like thirty (30) days from receipt of such information to direct notice to the putative class members for the purpose of informing them of what is required for standing (consistent with the Court's ruling), and their right to come forward to intervene as plaintiffs and proposed class representatives, to bring the claims under Section 12(a)(2) of the Securities Act and the derivative Section 15 claim.

However, in the interests of practicality and judicial economy, assuming one or more shareholders with standing come forward and are permitted to intervene such that the claims relating to the SPO under Section 12(a)(2) of the Securities Act and derivatively under Section 15 are resurrected, and assuming the Court grants the relief anticipated to be requested under Rule 54(b) as referenced above, then Plaintiffs respectfully request that the SPO-related claims under Section 12(a)(2) of the Securities Act and derivatively under Section 15 be stayed until

**BROWER PIVEN**
A PROFESSIONAL CORPORATION

The Honorable Marvin J. Garbis
July 16, 2012
Page 3

any decision on the issues appealed is made to allow all claims that ultimately survive to proceed to litigation together at the same time.

In the interim, and also in the interests of economy, Plaintiffs are willing to stay all other discovery in this litigation pending the outcome of any appeal so that, in the event any dismissed claims are reinstated, again, all claims can be litigated at the same time.

We look forward to speaking with you at the conference tomorrow about these and other issues.

                                      Respectfully submitted,

                                      BROWER PIVEN, A Professional Corporation

                                      By: _____
                                            Charles Piven

                                      Berger & Montague, P.C.

                                      By: *Barbara A. Podell*
                                            Barbara A. Podell

                                      *Plaintiffs' Co-Lead Counsel*

Enclosure
cc:     All counsel of record via ECF