GOODWIN | PROCTER

Mark Holland
212.459.7152
MHolland@goodwinprocter.com

Goodwin Procter LLP
Counselors at Law
The New York Times Building
620 Eighth Avenue
New York, NY 10018
T: 212.813.8800
F: 212.355.3333

July 17, 2012

**Via ECF**

The Honorable Marvin J. Garbis
United States District Judge
  District of Maryland
Garmatz United States Courthouse
101 West Lombard Street
Chambers 5-C
Baltimore, MD 21201

Re:  **In re Municipal Mortgage & Equity, LLC, Securities
     and Derivative Litigation, MJG-08-1961 (D. Md.)**

Dear Judge Garbis:

We write on behalf of Defendants Municipal Mortgage & Equity, LLC, Mark K. Joseph, William S. Harrison, Charles M. Pinckney and David Kay (collectively, the "MuniMae Defendants") in response to Plaintiffs' letter of yesterday afternoon, July 16, 2012. Plaintiffs seek permission to file a motion pursuant to Rule 54(b) of the Federal Rules of Civil Procedure for entry of judgment for some of the dismissed claims—those asserted under Sections 10(b) and 20 of the Securities Exchange Act of 1934 ("Exchange Act"), and those asserted under Sections 11 and 15 of the Securities Act of 1933 ("Securities Act) arising out of the 2005 Secondary Public Offering ("SPO"). Plaintiffs' counsel also seek expedited discovery in hopes of finding a plaintiff with standing to assert claims under Section 12(a)(2) of the Securities Act, since none of their current clients has such standing. Plaintiffs did not attempt to meet and confer with Defendants, or otherwise discuss their proposal with Defendants, before filing their letter. For the reasons set forth below, the MuniMae Defendants oppose both requests.

**Rule 54(b)**

At the conclusion of its June 26, 2012 Memorandum and Order Re: Motions to Dismiss ("Order"), this Court offered Plaintiffs yet another opportunity to amend their complaint to cure the deficiencies the Court identified in its Order. Implicitly conceding that they do not have any

GOODWIN | PROCTER

July 17, 2012
Page 2

new facts that could cure those deficiencies, Plaintiffs instead seek piecemeal appellate review of the Order.

As this Court has recognized, "[a] Rule 54(b) certification should be the exception, not the rule, for it is important to prevent piecemeal appeal of a case." *Mee v. Hubbard*, No. Civ.A. MJG 02-1750, 2003 WL 22769031 (D. Md. Mar. 5, 2003). Refusing to grant the requested certification, this Court identified a two-part test for determining whether to certify a partial judgment under Rule 54(b). The Court explained that the judgment must be "final . . . in the sense that it is an ultimate disposition of an individual claim entered in the course of a multiple claim action" and "there is no just reason for the delay in the entry of judgment." *Id.* at *1. Here, as in *Mee*, "the unadjudicated [*i.e.*, remaining] claims are related to the adjudicated claims" and the Defendants against whom partial judgment would be entered would remain parties to the case below. Plaintiffs therefore fail this Court's test for partial certification under Rule 54(b).

Plaintiffs' sole authority, *Braswell Shipyards, Inc. v. Beazer East, Inc.*, 2 F. 3d 1331 (4th Cir. 1993), does not support their argument. In *Braswell Shipyards*, the Fourth Circuit held that Rule 54(b) certification was *unwarranted*, because, as here, the "parties on appeal remain contestants below," and the plaintiffs sought damages on "uncertified claims [that] duplicated damages on certified claims." Indeed, this Court in *Mee* repeatedly cited *Braswell Shipyards* in refusing to certify an interlocutory appeal under Rule 54(b).

In *Mee*, this Court also spelled out the proper procedure for plaintiffs to follow if they wish to obtain interlocutory appellate review of a decision dismissing some, but not all, of their claims. The Court explained that plaintiffs "can request that the Court dismiss the remaining claims without prejudice to reopening should the case be remanded on appeal. By so doing, the Court would enter a truly final judgment from which Plaintiff can appeal. Should his position as to the dismissed claims be correct, the case would be remanded and the Court would permit the presently remaining claims to be reopened." *Mee*, 2003 WL 2276903, at *2. Plaintiffs here should be required to follow a similar approach if they wish to obtain immediate appellate review of this Court's Order.

### Expedited Discovery to Find a New Plaintiff

Plaintiffs' counsel also seek "limited expedited discovery" to obtain the identities of persons who purchased securities in the SPO, in hopes that one of those purchasers will agree to become their client. Counsel's request should be rejected for at least three reasons. First, by not seeking permission to replead allegations that Mr. Dammeyer purchased shares in the SPO, Plaintiffs implicitly concede that they cannot do so, which means they never had a plaintiff with proper

LIBNY/5209899.1

GOODWIN | PROCTER

July 17, 2012
Page 3

standing to bring the Section 12 and 15 Securities Act claims regarding the SPO. All of the cases plaintiffs cite in support of their argument that class action counsel may obtain discovery of class members involved cases where the Court had *upheld* the claims in the compliant for which they were seeking discovery. None involved a situation, as here, where a class claim was *dismissed* and counsel then sought to obtain information about the identity of class members. *Second*, the Private Securities Litigation Reform Act, 15 U.S.C §77z -1(b), stays all discovery until a court determines that the complaint states a claim (see Order at 98-99); yet Plaintiffs seek to lift that stay when this Court has determined that they have *not* properly stated a claim. *Third*, any such discovery would be meaningless because the Section 12 claims of other individuals would now be barred by the three year statute of repose. Mr. Dammeyer's Section 12 claim was asserted on February 1, 2008, relating to the February 2, 2008 SPO, *i.e.*, one day shy of the repose period for Section 12 claims (which runs from the date of "sale" rather than, as for Section 11 claims the date securities were first "bona fide offered to the public"). Any Section 12 claims of others are now beyond the period.

Simply put, counsel (who is not acting even as class counsel) should not be permitted to take discovery for his own purposes (*i.e.*, to find a new client) on the basis of a claim that this Court has dismissed and that is now time-barred in any event.

For the foregoing reasons, the MuniMae Defendants oppose Plaintiffs' application of July 16, 2012.

Respectfully submitted,

*Mark Holland*
Mark Holland

MH

cc:   All counsel (by ECF)

LIBNY/5209899.1